IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. MALARIK, | ) | |
| | ) | Civil Action No. 07 - 1502 |
| Plaintiff, | ) | Chief District Judge Donetta W. Ambrose |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA- | ) | |
| OFFICE OF DISTRICT ATTORNEY OF | ) | |
| ALLEGHENY COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.        RECOMMENDATION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

II.        REPORT

Plaintiff, James M. Malarik, an inmate confined at the Allegheny County Jail (ACJ), commenced this action against the Office of the District Attorney for Allegheny County.  For the reasons that follow, the Complaint should be dismissed because Plaintiff has not set forth any allegation of any policy or custom upon which to base liability against the Defendant.

A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.

The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and the Defendant is a government entity, the County of Allegheny. Moreover, he is proceeding IFP in this action (doc. no. 2). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

In reviewing complaints under 28 U.S.C. § 1915A & 28 U.S.C. § 1915(e)(2)(B), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii));

2

Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### B. Liability Against Allegheny County

Plaintiff has named the "Commonwealth of Pennsylvania-Office of District Attorney of Allegheny County" as the Defendant in this action. The Allegheny County Office of the District Attorney is part of Allegheny County; it has no separate existence.[1] Thus, Plaintiff's claim is construed as asserting liability against Allegheny County.

Local governing bodies are deemed to be "persons" within the meaning of section 1983 and can be sued directly under the act for monetary, declaratory, or injunctive relief. In this regard, in Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, *i.e.*, through application of the doctrine of *respondeat superior*. Instead, the Court concluded that a governmental unit may be liable under section 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly inflicted the injury. Monell, 436 U.S. at 694. The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for

---

1. Moreover, Allegheny County is not a part of the Commonwealth of Pennsylvania, which has sovereign immunity from Plaintiff's claims in this action.

which the municipality is actually responsible, *i.e.*, acts that the municipality has officially sanctioned or ordered.  *Id*.  In <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480 (1986), the Court further clarified that "municipal liability under § 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Id*. at 483 (citation omitted).

Moreover, mere identification of a policy or custom is not enough to establish municipal liability; a plaintiff also must establish causation.  In this regard, a plaintiff carries the burden of demonstrating a "plausible nexus" or "affirmative link" between the municipality's custom or policy and the constitutional deprivation at issue.  <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 405 (1997) (a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights).

As set forth above, the County cannot be liable for any constitutional deprivations suffered by Plaintiff unless "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  <u>City of Canton</u>, 489 U.S. at 385.  The Supreme Court has instructed that "policy" is made when a decisionmaker possessing final authority over the subject matter issues an official proclamation, policy, or edict.  <u>Pembaur</u>, 475 U.S. at 481.  Custom can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.  <u>Monell</u>, 436 U.S. at 690.  *See also* <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 850 (3d Cir. 1990).

In the case at bar, Plaintiff has not identified any policy or custom attributable to the County.  In this regard, Plaintiff has not set forth any evidence of any similar incidents that have

occurred in the past, save for the one in which he was involved, to prove some pattern of conduct that could establish a custom or policy. It is well settled that a single incident of unconstitutional behavior, without any direct involvement by a municipal policy maker, is not sufficient to impose municipal liability. <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 479 (1986); <u>City of Oklahoma v. Tuttle</u>, 471 U.S. 808, 822 (1985); <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 637 (3d Cir. 1995) (plaintiff's mere assertion of the incident at issue, plus vague assertions about the police department's failure to investigate other wrongdoings, did not provide sufficient proof of a policy or custom to satisfy the dictates of section 1983).[2] Plaintiff's allegations are insufficient to state a claim upon which relief may be granted against Defendant and his Complaint should be dismissed under the PLRA. *Accord* <u>Waite v. Allegheny County</u>, 2007 WL 878525, *1 (W.D.Pa. March 21, 2007) (Defendants' motion to dismiss granted as to Allegheny County because Plaintiff failed to set forth specific allegations of a policy or custom).

III.     <u>CONCLUSION</u>

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date

---

2  *See also* <u>Bryan County</u>, 520 U.S. at 409 (a single decision by municipal lawmakers can trigger municipal liability only if the decision itself is found to be unconstitutional, *i.e.*, a reasonable policymaker should have concluded that the "plainly obvious" consequence of his or her decision would be the deprivation of a third party's federally protected rights).

of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

January 16, 2008

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc.        The Honorable Donetta W. Ambrose
                United States District Judge, Chief

                James M. Malarik, No. 130218
                Allegheny County Jail
                950 Second Avenue
                Pittsburgh, PA 15219-3100

                James M. Malarik
                P.O. Box 572
                Ambridge, PA 15003